DOLORES ROVIRA WIDOW OF ROSES ET AL., Plaintiffs and Appellees, *v.* CATALINA OLIVER ARESTI, Defendant and Appellant.

No. 9903.   Argued June 10, 1949.—Decided June 22, 1949.

*Efraín Ramírez Ramírez* for appellant. *F. Fernández Cuyar* for appellees.

MR. JUSTICE SNYDER delivered the opinion of the Court.

On January 30, 1930 Andrés Oliver executed a promissory note for $9,000 payable to Lorenzo Roses Bermejo or his order. The latter died in 1936, leaving as his heirs the plaintiffs and María Eugenia Roses. The latter died in 1936, leaving the plaintiff Dolores Rovira vda. de Roses as her only and universal heir. The debtor Oliver died in 1937, and José Ramón, Manuel and Catalina Oliver Aresti were declared his sole and universal heirs.

On January 9, 1947 José Ramón and Manuel, coheirs of the debtor, executed a deed in which they recognized the validity of the promissory note and paid $6,000 thereof. On January 15, 1947 the plaintiffs sued the defendant, the other heir of Oliver, for the remaining third of the obligation. After a trial on the merits, the district court entered judgment in favor of the plaintiff for $2,300, interest at 5 per cent as provided in the note, costs and $50 for attorney's fees. The defendant has appealed from that judgment.[1]

The first assignment is that the lower court erred in refusing to strike as a conclusion of law the allegation in the complaint that the note "did not result from a mercantile operation, but from a personal loan of a civil nature, made by Don Lorenzo Roses Bermejo to Don Andrés Oliver Roses." We regard this as a simple, concise and direct allegation, as required by Rule 8(e)(1) of the Rules of Civil Procedure. It alleges a fact as well as a conclusion of law. Moreover, even assuming the allegation was originally defective, testimony on this question was presented without objection. We therefore consider the pleadings as amended to conform to the evidence pursuant to Rule 15(b).

The second error is directed against the action of the lower court in dismissing the counterclaim of the defend-

---

[1] The plaintiffs have not appealed from the judgment insofar as it rejected their claim for the entire $3,000.

ant. We assume, without deciding, that the lower court erred in dismissing the counterclaim on motion of the plaintiffs prior to trial of the original proceeding. See Rules 13 and 18. But the counterclaim prayed for damages of $20,000 because the instant suit had prejudiced her credit and damaged her health. Since the lower court entered a judgment for the plaintiff, which we are affirming, the counterclaim had no basis. Under these circumstances, the alleged error of the district court in dismissing it is a moot question at this stage of the proceeding.

The third error is that the lower court acted with passion, prejudice and partiality. We find nothing in the record to support this charge.

The fourth error is in substance that the allegations of the complaint are not sufficient. This contention is too trivial to warrant any discussion. The complaint is clearly sufficient. Even if it were not, it was cured by the proof.

The fifth error is in effect that the action had prescribed. But if, as the lower court found, the note was of a civil, not mercantile nature, it did not prescribe for fifteen years. *San Miguel, etc. & Co.* v. *Guevara*, 64 P.R.R. 917. As the note was due on January 30, 1932, the suit—filed on January 15, 1947—was timely.

The contention that the action prescribed under § 41 of the Code of Civil Procedure is frivolous. This Section, when it is applicable, extends rather than restricts the statute when parties die before limitation expires.

In the same way, there is no basis for the contention of the defendant that this suit is barred because the claim was not presented within a judicial administration proceeding which is now terminated. Section 595 of the Code of Civil Procedure provides that the administrator shall not be liable for assets he has paid out in lawful claims if a creditor brings suit more than six months after publication of the notice to creditors. But § 596 specifically pro-

vides that such a creditor may as here proceed against an heir who accepts his share in the succession.

The sixth error is that the lower court erroneously weighed the evidence. There was sufficient testimony, which was believed by the lower court, to sustain the judgment.

We think the appeal was so manifestly frivolous that we shall grant the prayer of the plaintiff for attorney's fees in this Court. Our judgment will include an award of $250 for such fees.

The judgment of the district court will be affirmed.

Mr. Chief Justice De Jesús did not participate herein.